# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDS OF ANIMALS<br>777 Post Road, Suite 205<br>Darien, CT 06820,<br><br>    Plaintiff,<br>v.<br><br><br>Honorable AURELIA SKIPWITH,<br>in her official capacity as<br>Director, U.S. Fish and Wildlife Service<br>1849 C Street, N.W.<br>Washington D.C., 20240,<br><br>and<br><br>UNITED STATES FISH AND<br>WILDLIFE SERVICE<br>1849 C Street, N.W.<br>Washington D.C., 20240<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. _____ |

## COMPLAINT

1. On December 19, 2018, Friends of Animals submitted to Ryan Zinke, then Secretary of the Interior, and Jim Kurth, then Acting Director of the United States Fish and Wildlife Service, a Rulemaking Petition to Prevent the Commercialization of Threatened African Elephants and Their Parts (hereinafter, "Rulemaking Petition"). *See* Attachment 1.

2. Through the Rulemaking Petition, Friends of Animals requested that the United States Fish and Wildlife Service (FWS) amend the existing regulations governing the importation of African elephant parts and products. Specifically, Friends of Animals requested that the regulations be amended to prohibit the import into, and the export from, the United States of African elephant parts and products other than ivory. Additionally,

Friends of Animals requested the prohibition of the interstate or foreign trade in those African elephant parts and products imported into the United States before the enactment of this amended regulation unless FWS issued a threatened species permit.

3.     Current regulations almost entirely prohibit the import and trade in ivory from African elephants. The regulations currently allow the import, export, and interstate trade in African elephant parts and products other than ivory.

4.     The current regulations conflict with FWS's goal of protecting African elephants. While the regulations recognize the threat to African elephants from illegal poaching for their tusks, the regulations ignore the growing threat to African elephants from illegal poaching for their skins.

5.     Prompt amendment of the regulations is required to stop the trade in African elephant skins, reduce the demand for African elephant skins, and thereby protect the increasingly threatened African elephant.

6.     Defendants have failed to timely respond to Plaintiff's Rulemaking Petition.

7.     Plaintiff has waited a reasonable amount of time for such a response before seeking judicial intervention.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. §§ 702-706 (authorizing judicial review by federal district courts of agency inaction).

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because a substantial part of the acts and omissions giving rise to this claim occurred in this judicial district. Venue is also proper pursuant to that section because the Defendants reside in this judicial district.

## PARTIES

10. Plaintiff Friends of Animals is a non-profit international advocacy organization incorporated in the state of New York since 1957. Friends of Animals seeks to free animals from cruelty and exploitation around the world and to promote a respectful view of non-human, free-living, and domestic animals. Friends of Animals has approximately 200,000 journal subscribers and members in the United States and internationally. Friends of Animals has a long-standing commitment to protecting animals imperiled due to poaching, sport-hunting, and other animal-exploitation markets. Since 1991, Friends of Animals has been closely involved in species conservation and recovery projects in Africa, including providing funds and equipment for conservation related projects and to combat poaching on the continent. In particular, Friends of Animals members and staff have been actively involved in African elephant conservation for more than twenty years. Friends of Animals was one of the first organizations to become involved in writing a proposal that encouraged world leaders to impose a worldwide ban on trade in elephant ivory pursuant to the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES). Friends of Animals has also successfully lobbied against proposals to grant ivory quotas to the African countries of Zimbabwe, Namibia, Botswana and South Africa at the 11th CITES Conference of the Parties held in Nairobi, Kenya, in April 2000. In 2014, Friends of Animals established an African Wildlife Advisory Committee, which, among other things, works directly with individuals and organizations to conserve African wildlife, including elephants, in their native ranges.

11. Defendant Aurelia Skipwith is the Director of FWS and is sued in her official capacity. Ms. Skipwith is responsible for the actions of FWS.

12. Defendant United States Fish and Wildlife Service is the federal agency responsible for federal regulation and conservation of wildlife. FWS is responsible for complying with all federal laws.

## BACKGROUND

13. African elephants are the largest land mammals on Earth. Their distinguishing features include, among other things, their long trunks, enormous ears, ivory tusks, and their thick and wrinkly skin. African elephants are also among the most intelligent species on Earth.

14. For more than a century, populations of African elephants have been on the decline. Accurate estimates suggest that there were 12 million elephants in the early 1900s. The most recent Status Report from the International Union for Conservation of Nature (IUCN) estimated that there were around 400,000 African elephants remaining in 2016.

15. Historically, African elephants have been killed for their ivory tusks. Prohibiting the trade in ivory from elephants has been the subject of both U.S. and international conservation efforts since the 1970s.

16. Recently, the trade in the skins of African elephants has increased dramatically, raising an additional concern for the continued survival of viable African elephant populations in the wild.

17. According to one study, skins from more than 70,000 African elephants were traded from 2007 to 2016.

18. 275 whole elephant skins were imported into the United States in 2014. 2,079 whole elephant skins were imported into this country in 2016.

19. According to records received by Friends of Animals in response to a Freedom of Information Act request to FWS, the value of elephant parts and products imported into the United States increased from $24,947 in 2014 to $4,548,375 in 2017.

20. Congress enacted the Endangered Species Act (ESA) in 1973 in response to the growing concern over the extinction of animal and plant species. Congress recognized that threatened and endangered species "are of esthetic, ecological, educational, historical, recreational, and scientific value to the Nation and its people." 16 U.S.C. § 1531(a)(3).

21. FWS is authorized to list species as threatened or endangered under the ESA.

22. FWS first listed the African elephant as a threatened species in 1978. In doing so, FWS recognized that the African elephant "is among the world's most commercially valuable animals." FWS estimated that there were 1.3 million African elephants remaining.

23. When FWS listed the African elephant as threatened, it issued a special rule to provide for their conservation (the "Special Rule").

24. The current version of the Special Rule almost entirely bans the import, export, and interstate commerce of ivory, defined in the Special Rule as "any African elephant tusk and any piece of an African elephant tusk." 50 C.F.R. § 17.40(e)(1), (3).

25. The Special Rule treats African elephant "parts and products other than ivory" completely differently than ivory. These parts and products may be imported, exported, or transported in interstate commerce without a threatened species permit so long as the requirements in 50 CFR parts 13, 14, and 23 are met. *Id.* at § 17.40(e)(2). This provision applies to African elephant skins.

26. FWS can help conserve African elephants by restricting the trade in their skins and other parts. FWS recognizes that severely restricting the trade in ivory helps protect African elephants by reducing demand for ivory, and thereby reducing the incentives of poachers to kill African elephants for their tusks. Restricting the trade in African elephant skins and other parts would similarly help protect African elephants by reducing demand for their skins, and thereby reducing the incentives for poachers to kill African elephants for their skins.

27. It is inconsistent for the Special Rule to severely restrict trade in ivory from African elephants, yet largely allow the trade in other parts and products from African elephants.

28. For that reason, Plaintiff submitted its Rulemaking Petition to FWS. Specifically, Plaintiff proposed a revision to the Special Rule which would have replaced the

language that currently regulates trade in parts and products of African elephants other than ivory. Under the Rulemaking Petition, that provision would read as follows:

> **(2)** *Live animals and parts and products other than ivory and sport-hunted trophies.* Live African elephants and African elephant parts and products other than ivory and sport-hunted trophies may not be imported into or exported from the United States. Live African elephants and African elephant parts and products other than ivory and sport-hunted trophies imported into the United States prior to enactment of this regulation may not be sold or offered for sale in interstate or foreign commerce; and delivered, received, carried, transported, or shipped in interstate or foreign commerce in the course of a commercial activity without a threatened species permit issued under § 17.32.

29. Plaintiff's Rulemaking Petition is consistent with the goal of protecting African elephants reflected in the ESA and in the Special Rule.

30. However, Defendants have not made a final decision on Plaintiff's Rulemaking Petition.

## CAUSE OF ACTION

31. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

32. Section 553(e) of the Administrative Procedure Act (APA) provides that "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e).

33. By failing to respond to Plaintiff's Rulemaking Petition, the Defendants have unreasonably delayed agency action. This failure to act is particularly unreasonable given that FWS recognizes African elephants as threatened, and failure to strengthen regulations to protect them threatens more African elephants.

34. Defendants' unreasonable delay and failure to act violates the APA, which directs each federal agency to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(b).

35. The APA mandates that the Court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A. Declare that the Defendants have violated the APA by unreasonably delaying issuance of a final decision on the Rulemaking Petition;

B. Order the Defendants to make a final decision on the Rulemaking Petition within 30 days;

C. Retain jurisdiction of this matter until the Defendants have fulfilled their legal and Court-ordered obligations set forth in this Complaint;

D. Award Plaintiff its reasonable fees, expenses, costs and disbursements, including attorneys' fees associated with this litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

E. Grant Plaintiff such additional relief as the Court deems just and proper.


Dated:  January 23, 2020

Respectfully Submitted,

*/s/ Michael Ray Harris*
Michael Ray Harris (DC Bar # CO0049)
Director, Wildlife Law Program
Friends of Animals
Western Region Office
7500 E. Arapahoe Rd., Suite 385
Centennial, CO 80112
Tel: 720.949.7791
michaelharris@friendsofanimals.org